IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UFP VENTURES II, INC.,

                                                                               ORDER

                 Plaintiff,

                                                                        13-cv-586-bbc

     v.

VIKING POLYMERS, LLC,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff UFP Ventures II, Inc. is suing defendant Viking Polymers, LLC, for damages arising from an allegedly unfit component defendant supplied for plaintiff's composite decking product. Plaintiff filed its complaint in this court, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. This statute requires that plaintiff shows that it and defendant are citizens of different states and that the amount in controversy exceeds $75,000. In the course of reviewing the complaint to insure the existence of jurisdiction, as I am required to do, <u>McCready v. White</u>, 417 F.3d 700, 702 (7th Cir. 2005), I discovered that plaintiff had failed to properly identify defendant's citizenship. Plaintiff appears to have otherwise alleged sufficient information to fulfill § 1332's other requirements.

      Plaintiff alleges that defendant is a "North Carolina limited liability company with its principal place of business in Jamestown, North Carolina." Dkt. #1, at 1. However, the citizenship of a limited liability company is not determined by its principal place of business

1

or the state in which it was formed, but by the citizenship of each of its members. E.g., Copeland v. Penske Logistics LLC, 675 F.3d 1040, 1043 (7th Cir. 2012); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). See also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

Without information on defendant's citizenship, I cannot determine whether this court has subject matter jurisdiction under 28 U.S.C. § 1332. As the proponent of jurisdiction, plaintiff bears the burden of showing that this court may exercise subject matter jurisdiction. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give plaintiff an opportunity to amend its complaint or to file evidentiary materials showing the citizenship of defendant's members.

ORDER

IT IS ORDERED that plaintiff UFP Ventures II, Inc. may have until November 25, 2013, to show that subject matter jurisdiction is present under 28 U.S.C. § 1332. If plaintiff fails to respond by that date, I will dismiss this the case for lack of jurisdiction.

Entered this 7th day of November, 2013.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge